UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES B. WRIGHT,<br><br>               Plaintiff,<br><br>vs.<br><br>WARHORSE (Official No. 526288), and her engine, machinery, tackle, gear, appurtenances, apparel, furniture, and equipment, *in rem*,<br><br>               Defendant. | 3:22-CV-00172-JMK-MMS<br><br>REPORT AND RECOMMENDATION ON COMPLAINT [1] |

Charles B. Wright ("Plaintiff") filed his Complaint against Warhorse (Official No. 626288) ("Defendant") on July 22, 2023.[1] On October 11, 2022, this Court granted the Plaintiff's motion to hold in abeyance the warrant *in rem* against the vessel, pending an *in personam* action in state court.[2] To justify the continued abeyance, this Court required the Plaintiff to periodically provide updates via status reports. Dkt. 6. Counsel for Plaintiff subsequently moved to withdraw, which was ultimately granted on July 19, 2023.[3]

On July 19, 2023, this Court ordered the Plaintiff to provide an updated status report no later than September 22. Dkt. 15. Plaintiff did not file, and this Court extended the

---

[1] Dkt. 1.
[2] *See*, Dkts. 3 & 5.
[3] *See*, Dkts. 9–10, 14 (ex parte), & 18 (ex parte).

deadline on its own motion to November 20. Dkt. 19. Plaintiff did not file, but this Court again extended the deadline to January 22, 2024, noting that "[f]ailure to [file] may result in dismissal for failure to prosecute and failure to comply this Court's orders pursuant to Loc. Civ. Rule 41.1." Dkt. 20. As of this date, no such filing was made.

On January 29, this Court received a notice of non-delivery of the notice of electronic filing served conventionally on the Plaintiff. Dkt. 21. Plaintiff did not inform this Court of any address change.

This Court hereby issues its Report and Recommendation regarding Plaintiff's Complaint. Dkt. 1. For the reasons below, the Complaint should be **DISMISSED** for failure to prosecute in violation of this Court's order. 28 U.S.C. § 636(b)(1)(B).

## I. LEGAL AUTHORITY

The Federal Rules of Civil Procedure permit a defendant to move to dismiss an action for lack of prosecution. *See*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The District's Local Rules, on the other hand, do not require a motion. *See*, Loc. Civ. R. Civ. P. 41.1 ("Failure to prosecute or to otherwise comply with the Federal Rules of Civil Procedure, the Local Civil Rules, or with any court order may result in imposition of sanctions authorized by law, including dismissal."). This Court finds sua sponte consideration appropriate.[4]

---

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (Federal district courts have "the inherent power sua sponte to dismiss a case for lack of prosecution.").

The sanction of "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances."[5] Courts are required to weigh five factors when considering dismissing an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* Dismissal is not an abuse of discretion when at least four of these factors weigh in favor of dismissal, or instead if three "'strongly' support dismissal."[6] However, "[c]ases involving sua sponte dismissal merit special focus on considerations relating to the fifth *Henderson* factor." *Id.*

## II. ANALYSIS

The *Henderson* factors support dismissal. The first two factors weigh in favor of it. Not only does Plaintiff's lack of action unreasonably delay the resolution of this case, but it also places an unnecessary burden on this Court to continue to maintain a matter that Plaintiff does not pursue. Failure to comply with this Court's orders "suggests [that] Plaintiff does not intend to litigate this action diligently."[7] As such, this Court finds the first two factors to support dismissal.

As to the third factor, there is "a presumption of prejudice to a defendant [that] arises when a plaintiff unreasonably delays prosecution of an action."[8] Where a court is not

---

[5] *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).
[6] *Hernandez*, 138 F.3d at 399.
[7] *Reimann v. Tucker*, No. 3:22-CV-00191-SLG, 2023 WL 1779817, at *1 (D. Alaska Feb. 6, 2023) (finding a failure to refile sufficient for the first two *Henderson* factors.).
[8] *Dolan v. Clawson*, No. 3:23-CV-00005-SLG, 2023 WL 6929278, at *2 (D. Alaska Oct. 19, 2023).

offered a "justifiable reason" for a party's failure to prosecute its case, the third factor is met. *Id.* Plaintiff here has been provided several opportunities to comply with this Court's orders, never providing a justification for being nonresponsive. As such, this Court finds the presumption unrebutted and this factor to weigh in favor of dismissal.

As to the fourth factor, while dismissing an action will inherently cut against the public policy of favoring disposition of cases on their merits, this factor does not necessarily weigh against dismissal. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."[9] As such, because Plaintiff's own conduct has prevented a disposition of this case on its merits, this Court finds this factor to be neutral on dismissal.

The fifth factor has three components: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[10] A court "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives[.]"[11] Providing a party with the opportunity to correct its error and a warning

---

[9] *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).
[10] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).
[11] *Henderson*, 779 F.2d at 1424 *accord Reimann*, 2023 WL 1779817, at *2 n.11 (D. Alaska Feb. 6, 2023).

it of the potential consequence of dismissal for failure to do so satisfies a court's obligation to consider lesser sanctions.[12]

This Court finds no other lesser sanction to be satisfactory or effective in this case because Plaintiff has been given multiple opportunities to remedy its error and has been warned of the consequences for not doing so. On September 21, 2023, Plaintiff was put on notice:

> **MMS TEXT ORDER** On October 20, 2023, this Court directed Plaintiff to file an updated status report by November 20, 2023, after Plaintiff failed to file such a report by the deadline set forth in this Court's July 19, 2023 text order. As of this date, no report has been filed. Plaintiff is directed to file an updated status report no later than **January 22, 2024**. Failure to do so may result in dismissal for failure to prosecute and failure to comply this Court's orders pursuant to Loc. Civ. Rule 41.1.

*See*, Dkt. 20 (emphasis in original). Plaintiff has failed to comply. As such, the fifth factor strongly supports dismissal.

### III. CONCLUSION

Upon consideration of the *Henderson* factors, four weigh in favor of dismissal. For the reasons set forth above, the Complaint should be **DISMISSED**. 28 U.S.C. § 636(b)(1)(B).

DATED this 6th day of February 2024, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

---

[12] *See, e.g.*, *Reimann*, 2023 WL 1779817, at *1 (D. Alaska Feb. 6, 2023).

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on February 20, 2024. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on February 27, 2024. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).